# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 10-2236

———————

Marlin E. Jones,                               *
                                               *
                Appellant,                     *
                                               *   Appeal from the United States
        v.                                     *   District Court for the
                                               *   District of Nebraska
City of North Platte; Martin                   *
Gutschenritter, Chief of Police; Kendall  *   [UNPUBLISHED]
Allison, Police Officer; Jeanne Hinrich,  *
                                               *
                Appellees.                     *

———————

Submitted: June 15, 2010
Filed:  July 6, 2010

———————

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

———————

PER CURIAM

        Appellant Marlin Jones filed his initial complaint on January 6, 2010, alleging a cause of action under 42 U.S.C. § 1981. The district court[1] then granted Jones leave to amend his complaint to state a cause of action under 42 U.S.C. § 1983. In his amended complaint, Jones named as defendants the City of North Platte, Nebraska and two North Platte police officers, Martin Gutschenritter and Kendall Allison, referring

———————

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

to the group as North Platte Defendants. Jones also named Jeanne Hinrich, a resident of North Platte, as a defendant.

On April 20, 2010, the district court, through its own motion under 28 U.S.C. § 1915(e)(2)(B)(ii), found Jones's complaint failed to a state a claim upon which relief could be granted. The district court allowed Jones the opportunity to amend his complaint a second time. Jones did amend the complaint, but the district court again dismissed the complaint for failure to state a claim.

The initial complaint, as well as the amended complaint, allege the defendants caused Jones mental anguish, for which he seeks $500,000 in damages. The complaint details a police visit by defendants Gutschenritter and Allison to Jones's home on November 19, 2009. Jones alleges the officers came to his home to investigate an informant's tip that Jones planned to kill someone. When Jones denied the allegation, the officers left. Jones claims that through these actions Gutschenritter and Allison harassed and intimidated him. Also, Jones alleges he cannot obtain the police reports on this incident, despite numerous attempts. Finally, Jones claims the City of North Platte does not properly train its employees because these officers came to his house without probable cause.

In his allegations against Hinrich, Jones claims that in 2009 Hinrich attempted to obtain a protective order against him in Nebraska state court. Jones alleges Hinrich knowingly lied under oath in an attempt to obtain the protective order. Jones requests that Hinrich "be made to show cause why she should not be prosecuted for perjury."

In dismissing the claim, the district court first determined that Jones was suing the North Platte Defendants in their official capacities, which in effect meant that he was suing the city. Because of this, the court found that to state a cause of action under § 1983, Jones must make a showing that it was the policy or custom of the city to engage in the acts that violated his rights. The district court found that Jones did

not allege in any way that it was custom or policy for the city to engage in unconstitutional conduct or that unconstitutional custom or policy led to his injuries.

Next, the district court dismissed the claim against Hinrich because, liberally construed, the relief Jones appears to seek is prosecution of Hinrich for perjury for the statements she made under oath. The district court found that a plaintiff in a civil suit cannot compel a criminal prosecution.

We review the district court's dismissal for failure to state a claim *de novo,* accept all the facts in the complaint as true, and grant all reasonable inferences in favor of the non-moving party. Stufflebeam v. Harris, 521 F.3d 884, 886 (8th Cir. 2008). We affirm the dismissal of the cause of action for the reasons stated by the district court in its well-reasoned and thorough orders. See 8th Cir. Rule 47B.

The judgment of the district court is affirmed.

_____